LYONS, Justice
(concurring specially).
I concur in denying the petition for a writ of mandamus. I write specially to explain why I find the issuance of the writ of mandamus to be inappropriate, under the circumstances of this case, to compel a continuance of a hearing on a motion for a summary judgment in order to permit discovery.
J. Brooke Johnston, Jr., was insured under an officers-and-directors-liability insurance policy issued by National Union Fire Insurance Company, pursuant to his employment with Caremark RX, Inc. (formerly known as MedPartners, Inc.) (“Caremark”). In early 1998, Caremark and its officers, directors, and employees were sued in class actions alleging securities fraud and in shareholder-derivative actions alleging wrongdoing and omissions by the directors, officers, and employees of Caremark. Johnston was not named as a defendant in any of those actions. Later in 1998, while those actions were pending, Caremark filed a declaratory-judgment action against Johnston and other former executives, seeking as to Johnston a declaration that it did not owe him severance benefits pursuant to an employment agreement between Johnston and Caremark. Caremark amended its complaint to also seek compensatory and punitive damages from Johnston for alleged wrongdoings it said he committed during his employment with Caremark. When the securities-fraud and shareholder-derivative actions were settled in 1999, Johnston was released from liability, except as to any causes of action that had accrued to Med- *827 Partners, the predecessor to Caremark, against, among others, Johnston.
Johnston then sued Caremark, National Union, and AIG Technical Services, Inc. (“AIG”), and alleged in his complaint that a memorandum of understanding entered into as a part of the settlement of the securities-fraud and shareholder-derivative actions obligated National Union and AIG to procure on behalf of Johnston “the general release of all claims that were brought or could have been brought by any entity or party in any of the cases that comprised the 1998 litigation [the securities-fraud and shareholder-derivative actions].” By failing to procure such releases, Johnston says, Caremark, National Union, and AIG exposed him to the pending claims against him by Caremark. Johnston also alleges that National Union and AIG conspired with Caremark, resulting in their denying coverage for any damages Caremark might be awarded as a result of its complaint against him. Johnston sued National Union and AIG under breach-of-contract and bad-faith theories; he sued Caremark under a civil-conspiracy theory. Johnston also alleges that National Union, AIG, and Caremark negligently or intentionally failed to settle claims that could have been brought against Johnston arising from the securities-fraud and shareholder-derivative actions and breach of fiduciary duty.
National Union and AIG seek to have this action dismissed based upon “(1) release; (2) co-insured exclusion; and (3) statute of limitations.” In their reply brief to this Court, National Union and AIG state that their motion to dismiss has been converted to a motion for a summary judgment, a conclusion as to which the record is in conflict. National Union and AIG contend in their reply brief that they are entitled to a judgment based upon (1) Johnston’s failure to produce substantial evidence to support any claim against AIG; (2) Johnston’s failure to produce substantial evidence of any duty on the part of National Union to obtain a release for Johnston from claims of Caremark; (3) the co-insured-lawsuit exclusion in National Union’s officers-and-directors-liability insurance policy; (4) the statute of limitations for tort claims; and (5) Johnston’s release of all claims against National Union. National Union and AIG submitted matters beyond the complaint in support of their motion to dismiss.
Soon after the original motion to dismiss was filed, Johnston objected to the conversion of the motion to dismiss to a motion for a summary judgment and, through an affidavit of counsel, asserted the necessity for discovery pursuant to Rule 56(f), Ala. R. Civ. P. In that affidavit, Johnston described the following areas of needed discovery: the settlement of the securities-fraud and shareholder-derivative actions; the circumstances surrounding Johnston’s exclusion from the scope of the 1999 settlement by National Union and AIG; policies covering officers, directors, and employees of Caremark from 1997 to the present; defense and potential indemnification of Caremark and its employees, officers, and directors since 1995; the handling and denial of Johnston’s claim for a defense pursuant to the offieers-and-directors-liability insurance policy; and communications between Caremark, National Union, and AIG.
The trial court refused to continue the hearing so that discovery could be conducted. The trial court stated that it would accept any written materials from Johnston submitted in opposition to the motion by a specified deadline. I conclude that at that time the motion to dismiss had been converted to a motion for a summary judgment. Johnston thereafter filed a supplemental affidavit of counsel pursuant *828 to Rule 56(f), reiterating the need for discovery.
Johnston then filed in this Court a petition for a writ of mandamus directing the trial court to allow initial discovery regarding his claims, to continue the date National Union and AIG’s motion for a summary judgment would be considered to have been submitted, and to allow Johnston a hearing in response to the motion for a summary judgment after discovery was completed. This Court, on preliminary review of the petition, stayed proceedings in the trial court and ordered answers and briefs.
Johnston has not furnished us with any case in which this Court has issued a writ of mandamus compelling the trial court to continue proceedings on a motion for a summary judgment to permit discovery based upon the filing of a motion for a continuance pursuant to Rule 56(f). Neither has our independent research furnished such authority.
When a trial court’s analysis of the issues leads it to conclude that a summary judgment is appropriate without the need for discovery, based upon a legal theory consistent with the absence of any need for further discovery, it does not abuse its discretion in denying the continuance sought pursuant to Rule 56(f) and in disposing of the motion for a summary judgment. See Stallworth v. AmSouth Bank of Alabama, 709 So.2d 458, 468 (Ala.1997) (“ ‘However, when no such crucial evidence would be supplied by the production or by the answers to the interrogatories, it is not error for the trial court to grant summary judgment with discovery pending.’ ” (quoting Reeves v. Porter, 521 So.2d 963, 965 (Ala.1988))).
The difficulty comes in determining upon what basis this Court should find an abuse of discretion when the party seeking discovery in opposing a motion for a summary judgment seeks interlocutory review by mandamus. If the issue is presented to us on appeal from a final summary judgment entered over the opposing party’s objection citing the need for additional discovery, we can review the merits of the summary judgment and, if we are satisfied that the trial court erred as a matter of law in entering the summary judgment, we will reverse for further proceedings on the motion for a summary judgment after discovery. See, e.g., Parr v. Goodyear Tire & Rubber Co., 641 So.2d 769, 772 (Ala.1994) (“Clearly, the discovery we have discussed was ‘crucial’ to the Parrs’ attempts to show what Goodyear had disposed of at the landfill and in what amounts. Accordingly, we hold that the trial court erred in entering the summary judgment before the crucial materials were produced.”). In the posture of an appeal from a final judgment, we can decide whether the trial court’s conclusion that the evidence sought through discovery was immaterial was erroneous as a matter of law.
On interlocutory review by a petition for a writ of mandamus, however, we should search only for a colorable legal theory to justify disposition without discovery. If such a theory is presented, we should find no abuse of discretion and deny the petition. At this stage of the proceeding, a denial of the petition for a writ of mandamus seeking a continuance pursuant to Rule 56(f) should not be understood as an endorsement of the trial court’s analysis of the underlying legal issue. We leave the party opposing the motion with its remedy of appeal where the appellate court can-consider de novo the validity of the legal theory relied upon by the trial court in determining that the discovery was not crucial to the nonmovant’s opposition.
Applying this standard to this case, I find that there is a colorable legal theory to justify the trial court’s denial of the *829 motion pursuant to Rule 56(f) in only two of the five bases advanced by National Union and AIG in support of their motion. Specifically, there is a colorable legal theory to support the refusal of discovery based upon the assertion by National Union and AIG of the exclusion of claims by co-insureds and upon Johnston’s purported release of National Union. Of course, the ultimate validity of these legal theories and the propriety of the summary judgment based thereon, should the trial court ultimately so rule, would be reviewable de novo on any appeal by Johnston from the final judgment.
JOHNSTONE, J., concurs.